UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **James Parker Byrd,**<br><br>    **Plaintiff**<br>**v.**<br><br>**Trans Union, LLC; Experian Information Solutions, Inc.; and Equifax Information Services, LLC,**<br><br>    **Defendants.** | Civil Action No. 3:09-cv-609-JFA |

### EXPERIAN INFORMATION SOLUTION INC.'S LOCAL RULE 26.03 SUPPLEMENT TO JOINT RULE 26(F) REPORT

Experian Information Solutions, Inc. ("Experian") hereby submits the following Supplement to the Parties' Joint Rule 26(f) Report pursuant to Local Civil Rule 26.03:

(1)    A short statement of the facts of the case.

**Plaintiff alleges, generally, that defendants Trans Union, LLC, Experian Information Solutions, Inc., and Equifax Information Services, LLC furnished credit reports regarding Plaintiff that contained false, negative credit information and false personal information. Plaintiff asserts claims against each defendant for negligent and willful noncompliance with the Fair Credit Reporting Act ("FCRA") and seeks damages for alleged economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress, and interference with Plaintiff's normal and usual activities. Experian denies any wrongdoing or liability in association with Plaintiff's allegations or alleged damages.**

(2) The names of fact witnesses likely to be called by the parties and a brief summary of their expected testimony.

- **Plaintiff James Parker Byrd, who is expected to testify as to his credit history, his communications with Defendants, any alleged denials of credit, other alleged damages, and other related matters.**

- **Representative of Experian Information Solutions, Inc., Consumer Affairs Special Services (likely Kim Hughes or Kira Walker), who is expected to testify regarding Plaintiff's contacts with Experian, Plaintiff's Experian consumer relations file, and Experian's consumer assistance and reinvestigation procedures.**

- **Any credit grantor who Plaintiff alleges denied him credit or otherwise injured Plaintiff purportedly due to information received from Defendants. Such credit grantors are believed to have knowledge and information as to Plaintiff's credit applications, credit history, credit reports, and the reasons for denying credit.**

- **Any creditor that is alleged to have taken an adverse action in regard to Plaintiff as a result of an Experian consumer credit report. These creditors are expected to testify as to the facts related to the placing and removing of credit information that forms the basis of Plaintiff's Complaint.**

- **Any fact witness designated by any party.**

(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

Experian has not yet identified an expert to testify in this matter. However, Experian will likely call an expert to testify as to the credit reporting industry, generally, and the reasonableness of Experian's procedures in compiling and maintaining consumer credit information. Experian reserves the right to supplement this response as the case and the necessity for expert testimony develops.

(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.

**Experian is not asserting any claims against Plaintiff in this action. Experian states that this action is governed by the provisions of the Fair Credit Report Act, 15 U.S.C. §1681 et. seq. ("FCRA") and those regulations and decisions outlining and interpreting Experian's rights and responsibilities under the terms of the FCRA. Based on the facts as they currently appear, Experian will likely assert one or more of the following additional defenses:**

a. **Failure to State a Claim. Plaintiff has failed to state a claim upon which relief can be granted.** *Bell Atlantic Corp. v. Twombly*, **127 S. Ct. 1955 (2007).**

b. **Immunity/Privilege. Some or all of Plaintiff's claims against Experian may be barred by the qualified immunity of 15 U.S.C. § 1681h(e) and/or South Carolina law.**

c. **Truth/Accuracy of Information. Experian has not published any false, inaccurate or defamatory information to a third-party regarding Plaintiff and has not acted with negligence, malice, actual malice, or willful intent to injure. Any statement made by Experian regarding Plaintiff was true or substantially true and was provided to Experian by reputable sources of information.** *See Parker v. Evening Post Publishing Co.*, **452 S.E.2d 640, 645, 317 S.C. 236, 245 (1995) (noting that truth is an absolute defense to claims of defamation);** *see also Smith v. Auto Mashers, Inc.*, **85 F. Supp. 2d 638, 641 (W.D. Va. 2000) (holding that the FCRA "does not hold a consumer reporting agency responsible where an item of information that it receives from a source that it reasonably believes to be reputable appears credible on**

        its face, and is transcribed, stored and communicated as provided by that source").

d. **Indemnification/Intervening Actors; Alternate Intervening Causes.** Any purported damages allegedly suffered by Plaintiff are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility. *Bramlette v. Charter Medical-Columbia*, 393 S.E.2d 914 (S.C. 1990)

e. **Failure to Mitigate Damages.** Some or all of Plaintiff's claims against Experian may be barred for Plaintiff's failure to mitigate his damages. *Tri-Continental Leasing Corp. v. Stevens, Stevens & Thomas, P.A.*, 338 S.E.2d 343 (S.C. Ct. App. 1985)

f. **Laches/Statute of Limitations.** Some or all of Plaintiff's claims against Experian may be barred by the doctrine of laches and/or the applicable statutes of limitation. *See* 15 U.S.C. § 1681p and §15-3-550 Code of Laws of South Carolina Annotated (1976), as amended.

g. **Contributory/Comparative Fault; Estoppel.** Some or all of Plaintiff's alleged damages were, at least in part, caused by his own actions and resulted from Plaintiff's own negligence which equaled or exceeded any alleged negligence or wrongdoing by Experian. Plaintiff's damages should be reduced accordingly. *E.g. Nelson v. Concrete Supply Co.*, 399 S.E.2d 783 (S.C. 1991).

h. **Lawful Conduct.** At all times, Experian has complied with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., in handling information concerning Plaintiff. *See, e.g.*, 15 USC §681e; *Equifax, Inc. v. F.T.C.*, 678 F.2d 1047 (11th Cir. 1982) (noting that Congress recognized that "total accuracy in consumer reports is not a realistic objective"); *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991) (observing that the FCRA "does not make reporting agencies strictly liable for all inaccuracies" and that an

        agency can "escape liability if it establishes that an inaccurate report was generated by following reasonable procedures"); *Tracy v. Credit Bureau, Inc. of Georgia*, 330 S.E.2d 921 (Ga. App. 1985) ("This provision does not purport to create automatic liability merely because inaccurate information is contained in the credit report."); *Ruffin-Thomkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 608 (7th Cir. 2005) ("Experian must be notified of an error before it is required to reinvestigate. As we have made clear, the FCRA is not a strict liability statute."); FTC Commentary on the FCRA, 16 C.F.R. Pt. 600, App. (stating that a "consumer reporting agency is required to take action under this section only if the consumer directly communicates a dispute to it.  It is not required to respond to a dispute of information that the consumer merely conveys to others.").

i.      **Good Faith.**  *Grant v. TRW, Inc.*, 789 F. Supp. 690 (D. Md. 1992) (granting defendant's motion to dismiss because plaintiff did not plead sufficient facts to demonstrate that defendant acted with malice or willful intent to injure to support state-law claims against the qualified immunity of the FCRA); *Safeco Insurance Co. of America v. Burr*, __U.S.__, 127 S.Ct. 2201, 2206, 2216 (2007) (explaining that punitive damages are allowed under the FCRA only when the violation has been willful, meaning a reckless disregard of a requirement of the FCRA).

    Experian reserves the right to assert additional affirmative defenses, or to rely on the defenses raised by codefendants to the extent that they are applicable to Experian, at such time and to such extent as warranted by discovery and the factual developments of this case.

(5) Dates for deadlines to exchange Fed. R. Civ. P. 26(a)(2) expert disclosures and for completion of discovery.

**The Parties agree that the deadlines to exchange Fed. R. Civ. P. 26(a)(2) expert disclosures and for completion of discovery should be modified as submitted in the Joint Rule 26(f) Report.**

(6) Special circumstances that would affect the time frames applied in preparing the scheduling order.

**None**.

(7) Additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned Judge.

**None.**

Dated: June 8, 2009                                          Respectfully submitted,


                                                             s/Michelle P. Clayton
                                                             Michelle P. Clayton, Fed I.D. No. 9520
                                                             mclayton@turnerpadget.com
                                                             Turner Padget Graham & Laney P.A.
                                                             P.O. Box 1473
                                                             Columbia, South Carolina 29202
                                                             Telephone: (803) 254-2200

                                                             Bradley W. Harrison, Esq.
                                                             Ohio Bar No. 008084
                                                             bwharrison@jonesday.com
                                                             JONES DAY
                                                             North Point
                                                             901 Lakeside Avenue
                                                             Cleveland, OH  44114-1190
                                                             Telephone:  (216) 586-3939
                                                             Facsimile:  (216) 579-0212
                                                             (*pro hac vice* application to follow)
                                                             Attorneys for Defendant
                                                             Experian Information Solutions, Inc.